UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 15-CV-3020 ) |
| SHELLY SUE SMITH, | ) ) |
| Defendant. | ) |

### OPINION CONFIRMING SALE

**SUE E. MYERSCOUGH, U.S. District Judge.**

The U.S. Marshal has been appointed by the Court to sell property at issue in this case. The U.S. Marshal reports that the property has been sold in accordance with terms previously set forth by the Court. The Court, having reviewed the relevant materials, finds as follows:

1. The common address and legal description of the real estate at issue:

    706 Capps Avenue, Nokomis, Illinois 62075

    That part of the East Half of the Northeast Quarter of the Southwest Quarter of Section 23, Township 10 North, Range 2 West of the Third Principal Meridian, described as follows: Beginning at a point 510 feet South of a stone situated 76 feet West and 45 feet South of the Northeast

corner of the Southwest Quarter of said Section 23, running thence West 125 feet; thence South 99 ¼ feet; thence East 125 feet; and thence North 99 ¼ feet to the place of beginning

Except all coal and minerals underlying said lands, together with the right to mine and remove same

PIN NO 08-23-332-033

2.  A notice required in accordance with 735 ILCS 5/15-1507(c)(2)(B) and 28 U.S.C. § 2002 was given;

3.  The terms of sale were fair and not unconscionable;

4.  The sale was conducted fairly and without fraud;

5.  Justice was done by the sale;

6.  All redemption and reinstatement periods have expired without redemption or reinstatement having been made; and

7.  This Court obtained personal jurisdiction over the defendant, Shelly Sue Smith.

**IT IS THEREFORE ORDERED:**

A.  The U.S. Marshal's report of the sale is approved and the sale is confirmed;

B.  The United States does not waive its right to subsequently administratively collect, including by offset, any resulting deficiency if the sale price for the foreclosed property sold in this cause at judicial sale does not pay the judgment amount and subsequently accrued interest, advances and costs owed on either the promissory note

or mortgage in this cause even though no such deficiency judgment is sought in this foreclosure proceeding.

C. The U.S. Marshal is directed to issue a deed to the holder of the certificate of purchase, sufficient to convey title pursuant to 735 ILCS 15-1509(a).

D. The holder of the certificate of sale or deed issued pursuant to the Certificate shall be entitled to possession of the above-described real estate on the 31st day after entry of this order.

E. The mortgagor (homeowner) has the right to possess the foreclosed premises for 30 days after entry of an order of possession in accordance with Section 15-1701(c) of the Illinois Mortgage Foreclosure Law.

   (1) On the 31st day after entry of this order, the defendant mortgagor and all persons claiming through the defendant mortgagor shall have removed themselves and their belongings and property from this mortgaged real estate and shall peaceably surrender possession of said property to the purchaser of this property or the assignee of said purchaser.

   (2) If any persons referenced in the above subparagraph remain on said premises on or after the 31st day following the approval of the judicial sale of this mortgaged real estate, the United States Marshal, without further court order, is hereby directed and ordered as soon as practicable thereafter to use any and all necessary reasonable force to enter the above-described mortgaged premises, including any outbuildings and vehicles located thereon, and to remove all occupants located thereon, who are present on the premises

and who refuse to vacate immediately and voluntarily at the United States Marshal's direction; in addition, any and all personal property left on the mortgaged premises by the defendant mortgagor and/or any and all other persons having left said property, is hereby declared forfeited to the United States. If the United States Marshal determines that the above-described personal property to be without value or of *di minimus* value that would neither exceed nor equal the costs of notice, storage and sale, the United States Marshal may leave the personal property, at his discretion, on the premises for the purchaser of this real estate to claim, or dispose of, at will.

Upon taking possession and custody of the premises, and removing all occupants who are unauthorized to remain on the premises, the United States Marshal is then hereby directed to remit possession and custody of the premises to the purchaser of said property at the sale judicially approved by this Court.

F. There is no just reason to delay enforcement of or appeal from this final order. CASE CLOSED.

**ENTER: March 3, 2016**

**FOR THE COURT:**

                     __s/Sue E. Myerscough__
                     **SUE E. MYERSCOUGH**
                     **UNITED STATES DISTRICT JUDGE**